1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   emeckley@morganlewis.com
    Roberta H. Vespremi, Bar No. 225067
3   rvespremi@morganlewis.com
    One Market Street, Spear Street Tower
4   San Francisco, CA  94105-1596
    Tel:    +1.415.442.1000
5   Fax:    +1.415.442.1001

6   MORGAN, LEWIS & BOCKIUS LLP
    Joseph J. Costello (pro hac vice application pending)
7   jcostello@morganlewis.com
    1701 Market Street
8   Philadelphia, PA 19103-2921
    Tel:    +1.215.963.5000
9   Fax:    +1.215.963.5001

10  Attorneys for Defendant
    ARAMARK SERVICES, INC.

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14

15  RUBEN MENDOZA, individually, and on          Case No. _____
16  behalf of all others similarly situated,
                                                  **NOTICE OF REMOVAL OF ACTION**
17                      Plaintiffs,

18              vs.

19  ARAMARK SERVICES, INC., and DOES 1
    through 10,
20
                        Defendants.
21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF**

2    **AND HIS COUNSEL OF RECORD:**

3         PLEASE TAKE NOTICE THAT Defendant Aramark Services, Inc. ("Aramark" or

4    "Defendant"), by and through its counsel, removes the above-entitled action to this Court from

5    the Superior Court of the State of California, County of Alameda pursuant to 28 U.S.C. §§ 1331,

6    1441, and 1446.  This removal is based on the following grounds:

7                            **THE PLEADINGS AND SERVICE**

8         1.    On October 7, 2015, Plaintiff Ruben Mendoza ("Mendoza" or "Plaintiff"), filed an

9    unverified putative class action complaint for damages in the Superior Court of the State of

10   California, County of Alameda, entitled *Ruben Mendoza, individually, and on behalf of all others*

11   *similarly situated v. Aramark Services, Inc.; and DOES 1 through 10*, Case No. RG15788780 (the

12   "Complaint").

13        2.    Plaintiff served the Complaint, summons, and related documents attached as

14   **Exhibit A** on Aramark through its registered statutory agent in California on October 9, 2015.

15   Plaintiff also served the Notice of Hearing attached as **Exhibit B** on Aramark through its

16   registered statutory agent in California on or about November 3, 2015.

17        3.    According to the Superior Court's docket, Plaintiff filed a proof of service of

18   summons with the Court on October 28, 2015, which has not yet been served on Aramark.  A

19   copy of the proof of service filed on October 28, 2015 is attached as **Exhibit C.**  No pleadings or

20   papers have been filed, served, or received by Aramark in this action other than the documents

21   attached as Exhibits A-C.

22        4.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446 because it is

23   filed within thirty (30) days of the date on which Aramark was served with the Complaint.  No

24   previous Notice of Removal has been filed or made with this Court for the relief sought herein.

25        5.    Because Plaintiff filed the Complaint in the Superior Court of California, County

26   of Alameda, removal to the United States District Court for the Northern District of California is

27   appropriate under 28 U.S.C. § 1441(a).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), and which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because the Complaint's First Cause of Action and Sixth Cause of Action as related to unlawful deductions implicate the exclusive remedial scheme imposed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

7.     As required under 28 U.S.C. § 1446(d), Defendant will give notice of this removal to Plaintiff through his attorneys of record.  Defendant will also file a copy of this Notice with the clerk of the Superior Court of California for the County of Alameda where the action is pending.

## BACKGROUND AND SUMMARY OF PLAINTIFF'S CLAIMS

8.     Plaintiff's Complaint alleges six causes of action:  (1) illegally withholding, deducting, and diverting wages; (2) failure to pay minimum and overtime wages in violation of California Labor Code § 1194; (3) California Labor Code § 203 waiting time penalties; (4) breach of contract based on an alleged failure to pay wages; (5) California Labor Code § 226 wage statement penalties; and (6) unfair competition in violation of California Business and Professions Code § 17200, *et seq.*, which includes an allegation related to Plaintiff's unlawful deduction claim.

9.     Plaintiff alleges that Aramark requires its employees to undergo an annual Member Health Assessment, which includes biometric screening and diagnostic tests as well as filling out a health assessment questionnaire after completing the screening and tests.  Compl. ¶ 2. Plaintiff further alleges that if an employee fails to complete and submit the Member Health Assessment questionnaire, that Aramark penalizes that employee by deducting $20 per pay period from his or her paycheck.  *Id.*

10.     Plaintiff alleges that even though Aramark requires employees to complete the questionnaire and participate in biometric screening and diagnostic testing, it does not compensate employees for performing these activities.  Compl. ¶ 2.

11.     Aramark sponsors the Aramark Services, Inc. Wellness Plan (the "Wellness Plan"), which is a standalone plan under the Aramark, Inc. Welfare Benefits Program (the "Welfare Wrap Plan"), and is an ERISA welfare benefit plan under 29 U.S.C. § 1002(1)(A).

Declaration of Valerie Wandler ("Wandler Decl.") ¶ 4.  Before 2014, the Wellness Plan was a component of the Aramark, Inc. Health Plan, which is also a standalone plan under the Welfare Wrap Plan.  *Id.* ¶ 3.  Three documents govern the terms and conditions of the Wellness Plan and are considered together to be the Plan document: the Welfare Wrap Plan document, the Summary Plan Description for the Health Plan (pre-2014), and the Benefits Planning and Enrollment Guide for Hourly Employees ("Enrollment Guide"), which is updated annually.  *Id.* ¶ 5.  Attached as **Exhibits 1 - 11** to the Wandler Decl. are the Wellness Plan Documents applicable to the 2011 through 2015 plan years, the years at issue as alleged in Plaintiff's Complaint.

12.  Plan terms pertaining to any incentive offered by Aramark for participating in the Wellness Plan, which Plaintiff erroneously alleges amounts to a penalty, are contained in the Enrollment Guide.  Wandler Decl., Ex. 3 at pp. 23-24; Ex. 4 at pp. 22-23; Ex. 6 at pp. 24, 27-29; Ex. 9 at pp. 36, 39-40.

## ANALYSIS

**I.    State-Law Claims That Are Completely Preempted by ERISA Satisfy the Standard for Removal and Federal Court Jurisdiction.**

13.  The federal removal statute, at 28 U.S.C. § 1441(a), provides as follows:

> (a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal district courts have "original jurisdiction" for all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Section 502(e) of ERISA, 29 U.S.C. § 1132(e), provides federal courts with jurisdiction to hear actions arising under ERISA.

14.  The "well-pleaded complaint rule" generally requires federal question jurisdiction to appear on the face of a plaintiff's complaint for jurisdiction in federal court to attach.  *See Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citations omitted).  However, complete preemption is an exception to the "well-pleaded complaint" rule – if a state claim falls within the scope of ERISA's complete preemption doctrine, then removal is proper even if an ERISA claim

does not appear on the face of the complaint. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004); *see also Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005) (holding that a state law claim comes within the scope of ERISA's civil enforcement scheme when, despite its state law label, the claim is one to recover or remedy the denial of ERISA benefits). Accordingly, if a plaintiff's state-law claim is within the scope of Section 502(a) of ERISA, that claim is completely preempted and, therefore, may be removed to federal court. *Davila*, 542 U.S. at 209.

**II.      The First Cause of Action and Sixth Cause of Action as Related to Plaintiff's Unlawful Deduction Claim Are Completely Preempted by ERISA Section 502(a), 29 U.S.C. § 1132(a).**

15.     The two-part analysis set forth by the Supreme Court in *Davila* applies to determine whether a claim has been completely preempted by ERISA.  A claim is completely preempted if:  (1) "'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)[];'" and (2) "'where there is no other independent legal duty that is implicated by a defendant's actions.'"  *Davila*, 542 U.S. at 210.  Both of those factors demonstrates that Plaintiff's claims are completely preempted by ERISA, and Defendant may properly remove the Complaint to this Court.

**A.      Plaintiff Could Have Brought His Claims Under ERISA Section 502(a).**

16.     The First and Sixth Causes of Action (as related to Plaintiff's unlawful deduction claim) could have been brought under ERISA § 502(a), 29 U.S.C. § 1132(a).  Indeed, in denying a motion to remand, the Ninth Circuit has held that a claim for restitution of premiums could be brought under ERISA § 502(a)(3).  *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1109 (9th Cir. 2011) (finding claim for restitution of premiums completely preempted by ERISA because it could have been brought under ERISA § 502(a)(3)); *see also Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 957 (9th Cir. 2014) (recognizing possible monetary remedy of equitable surcharge under ERISA § 502(a)(3)).  In addition, because Plaintiff's premium deductions were authorized under the terms of the Wellness Plan, any challenge to those deductions could be pursued as a claim under ERISA § 502(a)(1)(B) to enforce or clarify his rights under the Wellness Plan's terms.  *See, e.g.*, *Gomez v. Cal. Physicians Serv.*, 299 Fed. Appx.

687, 690 (9th Cir. 2008) (finding cause of action seeking to enforce rights under a plan completely preempted under ERISA § 502(a)(1)(B)); *Noble v. RightChoice Managed Care, Inc.*, Case No. 15-MD-02617-LHK, Case No. 15-CV-2874-LHK, 2015 U.S. Dist. LEXIS 120917, at *54-55 (N.D. Cal. Sept. 9, 2015) (holding that claims seeking partial refund of premiums premised on obligations under an ERISA plan were completely preempted under 502(a)(1)(B)).

**B.      The Only Legal Duties Implicated in the First Cause of Action and Sixth Cause of Action as Related to Plaintiff's Unlawful Deduction Claim Are Those Arising out of the Plan.**

17.      Plaintiff's Complaint satisfies the second prong of the *Davila* analysis because "there is no independent legal duty" apart from those related to the Plan, an ERISA-governed plan. *Davila*, 542 U.S. at 210.

18.      To adjudicate Plaintiff's unlawful deduction claim as alleged in the First and Sixth Causes of Action, the Court would necessarily have to refer to and interpret the terms of the Plan applicable to each plan year at issue.  The foundation for adjudicating the claims will be the Court's interpretation of the Plan, meaning that but for the Plan there would not be another independent legal duty that supports Plaintiff's claims.  *See, e.g.*, *AT Armiger v. Kiewit Construction Co.*, No. C 10-00271, 2010 U.S. Dist. LEXIS 71663, at *14-15 (N.D. Cal. Mar. 26, 2010) (observing that if the plan did not exist, there would not be an independent legal duty). Further, Plaintiff alleges that the supposed common questions of law and fact among members of the putative classes include:  whether Aramark had a "policy and/or practice" under which it allegedly "withheld, deducted or diverted money from the class members' pay on the grounds that they did not turn in to Defendants a completed Member Health Assessment questionnaire" and whether Aramark's "policies and/or practices" related to the allegedly unlawful deductions result in unfair competition practices.  *See* Compl. ¶¶ 44(a) & (f).  The policies and/or practices to which Plaintiff refers are plainly embodied in the Wellness Plan document.  *Supra*, Paragraph 12. Thus, the First Cause of Action and Sixth Cause of Action as related to Plaintiff's unlawful deduction claim are completely preempted by ERISA and removal to federal court is appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**III.    It Is Appropriate for this Court to Exercise Supplemental Jurisdiction Over Plaintiff's State-Law Claims.**

19.    While ERISA preempts only Plaintiff's claims to the extent they involve ERISA-governed plans, the Court may exercise supplemental jurisdiction over the remainder of the claims because the alleged underlying facts are the same as those which form the basis for the federal claims.  Therefore, those claims are a part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).  In determining whether to extend supplemental jurisdiction over state and common law claims, courts weigh whether the extension of jurisdiction will serve the principles of judicial economy, convenience, and fairness to the litigants, and comity to the states.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  Here, because all of Plaintiff's claims "derive from a common nucleus of operative fact" – i.e., the terms of the Wellness Plan – the claims are such that they ordinarily would be expected to be tried in one judicial proceeding.  *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 713-14 (9th Cir. 1990) ("[A] district court may exercise [supplemental] jurisdiction over state law claims arising from a nucleus of operative fact common to both the state law claims and the ERISA claim.").  Thus, it is economically and judicially efficient for this Court to adjudicate all claims asserted in the Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's First Cause of Action and Sixth Cause of Action as related to Plaintiff's unlawful deduction claim are completely preempted by ERISA, and this Court has jurisdiction to adjudicate the case.  Aramark has properly removed the underlying action to this Court.  Further, Aramark respectfully requests that the Court exercise supplemental jurisdiction over Plaintiff's state-law claims for failure to pay minimum wages and overtime wages as required by California Labor Code § 1194 and IWC wage orders (Second Cause of Action), for failure to pay all wages due upon the end of employment (California Labor Code § 203) (Third Cause of Action), breach of contract to pay wages (Fourth Cause of Action), failure to furnish itemized statements in violation of California Labor Code § 226 (Fifth Cause of

///

///

1  Action), and for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code

2  § 17200, *et seq.*, as related to all claims other than Plaintiff's unlawful deduction claim.

3  Dated: November 9, 2015                    MORGAN, LEWIS & BOCKIUS LLP
                                             Eric Meckley
4                                            Joseph J. Costello
                                             Roberta H. Vespremi
5

6

7                                            By      */s/ Eric Meckley*
                                                    Eric Meckley
8                                                   Attorneys for Defendant

9

10     DB1/ 85036635.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF REMOVAL