UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MENDOZA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK SERVICES, INC., and DOES 1-10<br><br>Defendants. | Case No. 15-cv-05142-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Ruben Mendoza ("Plaintiff"), individually and on behalf of all others similarly situated, sued his former employer, Defendant Aramark Services, Inc. ("Aramark"), in the Superior Court for the County of Alameda for various violations of California law. Aramark subsequently removed the action to this Court alleging federal subject matter jurisdiction pursuant to Employee Retirement Income Security Act of 1974 ("ERISA") complete preemption of Plaintiff's first cause of action for illegally withholding, deducting, and diverting wages and Plaintiff's sixth cause of action for violation of California's Unfair Competition Law ("UCL") in relation to the unlawful deduction claim. Now pending before the Court is Plaintiff's motion to remand. (Dkt. No. 21.) After carefully considering the parties' submissions, and having had the benefit of oral argument on February 11, 2016, the Court concludes that Plaintiff's state-law claims do not satisfy the ERISA complete preemption test, and therefore the motion to remand must be GRANTED.

**BACKGROUND**

Plaintiff was employed by Aramark in California as an hourly employee from approximately November 2002 until April 2015. (Complaint at ¶ 3.) According to the notice of

1    removal, throughout Plaintiff's employment and at least through 2015, Aramark provided a
2    number of health care coverage options to its hourly employees (collectively, "Medical Plan").
3    (Dkt. No. 2.) Prior to 2014, the Wellness Plan was a component of the Medical Plan, which was
4    and is a standalone plan under the Aramark, Inc. Welfare Benefits Program. (Dkt. No. 2, ¶ 3.) At
5    that time, the Benefits Planning and Enrollment Guides distributed to hourly employees instructed
6    employees enrolled in the Medical Plan to receive annual health screenings and to enter the results
7    of those screenings in an online member health assessment ("MHA") to avoid paying an
8    additional weekly premium that would be deducted from their paychecks. (*See, e.g.*, Dkt. No. 2,
9    Ex. 3 at 25.) In 2011 and 2012, the Wellness Plan authorized deductions of $5 per week ($10 per
10   pay period) as additional premiums for Medical Plan enrollees who did not complete the MHA,
11   and in 2013, the additional premium amount increased to $10 per week ($20 per pay period).
12   (Dkt. No. 2, Exs. 3, 4, 6.)
13        Beginning in 2014, the Wellness Plan became a standalone plan under the Aramark, Inc.
14   Welfare Benefits Program. (Dkt. No. 2, ¶ 4.) At that time, the Wellness Plan Program Guide,
15   which was part of the 2014 Benefits Planning and Enrollment Guide, instructed employees
16   enrolled in the Medical Plan to complete the MHA to avoid paying an additional weekly premium
17   that would be deducted from their paychecks. (Dkt. No. 2, Exs. 8, 9.) In 2015, the Employee
18   Wellbeing Program Guide encouraged employees enrolled in the Medical Plan to participate in
19   Biometric Screenings and to complete the MHA. (Dkt. No. 2, Ex. 10.) Plaintiff alleges that
20   Aramark deducted $20 per pay period from his wages from late 2013 until at least December 2014
21   because he did not complete the MHA, which he alleges Aramark required all employees to
22   complete. (Complaint at ¶¶ 2, 10-11.)
23        Plaintiff filed the instant action against Aramark in state court for (1) illegally withholding,
24   deducting, and diverting wages; (2) failure to pay minimum wages and overtime wages as required
25   by California Labor Code Section 1194 and IWC wage orders; (3) failure to pay all wages due
26   upon the end of employment in violation of California Labor Code Section 203; (4) breach of
27   contract to pay wages; (5) failure to furnish itemized wage statements in violation of California
28   Labor Code Section 226; and (6) violation of California's UCL, California Business and

2

Professions Code Sections 17200, *et seq.* (Complaint at ¶¶ 9-38.) Aramark removed the action to this Court, alleging that federal jurisdiction exists under 28 U.S.C. § 1331 because ERISA completely preempts Plaintiff's first and sixth causes of action.[1] (Dkt. No. 1.) Plaintiff then filed a motion to remand, and the Court heard oral argument on February 11, 2016.

## LEGAL STANDARD

A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

The Court has original "federal question" jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. Section 1331 removal is governed by the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Complete preemption removal under ERISA Section 502(a) is an exception to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004). Where Section 502(a)'s comprehensive civil enforcement scheme completely preempts state-law claims, those claims may be removed to federal court. *Id.*; *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (internal quotations omitted). Indeed, complete preemption is "really a jurisdictional rather than a preemption doctrine, as it confers exclusive jurisdiction [on a federal district court] in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal quotations and alterations omitted). Not so with conflict preemption under Section 514(a). *Id.* A state-law claim may be conflict preempted under Section 514(a) where the claim "relates to" an ERISA plan. *Id.* But conflict preemption does not confer federal question jurisdiction on a district court. *Id.*

---

[1] Unless otherwise indicated, all statutory references are to ERISA § 1, *et seq.*

In *Marin General*, the Ninth Circuit distilled *Davila* into a conjunctive, two-prong test for determining whether ERISA completely preempts a state-law claim. *Id.* at 946-47. Specifically, ERISA completely preempts a state-law cause of action (1) if "'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Id.* at 946 (quoting *Davila*, 542 U.S. at 210). The test's first prong reaches past Section 502(a)(1)(B) to other subsections of Section 502(a). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) (holding that Congress clearly manifested its intent to allow removal to federal court of causes of action within the scope of the civil enforcement provisions of Section 502(a)); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 799 (9th Cir. 1987) (holding that complete preemption was applicable to the Section 502(a)(3) claims alleged). Further, because the test is in the conjunctive, both prongs must be satisfied for ERISA to completely preempt a state-law claim. *Marin Gen.*, 581 F.3d at 947.

## DISCUSSION

A determination of Plaintiff's motion to remand requires the Court to address the following issues: (1) whether ERISA applies to Aramark's Wellness Plan; (2) whether Plaintiff is a participant in the Wellness Plan; (3) whether Plaintiff could have brought his claims under ERISA Section 502(a); and (4) whether Aramark's actions that Plaintiff complains of implicate an independent legal duty.

### I. The Court Assumes Plaintiff Participated in an ERISA Plan

For the purposes of this Order, the Court will assume that ERISA applies to the Wellness Plan and that Plaintiff is a participant in the Wellness Plan, although Plaintiff disputes that Aramark has met its burden to show either fact.

### II. ERISA Does Not Completely Preempt Plaintiff's State-Law Claims

In his first cause of action Plaintiff alleges that Aramark violated an unspecified California law by deducting $20 per pay period from the wages of putative class members who did not complete the MHA. (Complaint at ¶¶ 9-11.) The sixth cause of action is for violation of California's UCL: Plaintiff alleges that the acts underlying each of the preceding causes of action—including the alleged unlawful deductions—also constitute a violation of the UCL. (*Id.* at

4

¶¶ 27-38.) This Order refers to these claims collectively as the unlawful deduction claims.

### A. Aramark Fails to Satisfy the First Prong of ERISA Complete Preemption

Aramark argues that there are three means by which Plaintiff could have brought his claims for unlawful deductions under Section 502(a): (1) under Section 702 through the enforcement mechanism provided in Section 502(a)(3); (2) under Section 404 through the enforcement mechanism provided in Section 502(a)(3); or (3) under Section 502(a)(1)(B). *See* ERISA § 502(a). The Court is not persuaded.

#### 1. Plaintiff Could Not Have Brought His Claims Under Section 502(a)(3)

Section 502(a)(3) provides that

> [a] civil action may be brought—(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

ERISA § 502(a)(3). A Section 502(a)(3) claim must seek to either *enjoin* acts or practices that violate an ERISA provision or an ERISA plan's terms or to *enforce* an ERISA provision or an ERISA plan's terms. *See* ERISA § 502(a)(3) (emphasis added). Plaintiff alleges that Aramark illegally deducted $20 per pay period from putative class members' wages if they did not complete the MHA. (Dkt. No. 1-1 at 8.) The MHA is a component of the Wellness Plan, which authorizes wage deductions from the paychecks of employees who are enrolled in the Medical Plan and who do not complete the MHA. (*See, e.g.*, Dkt. No. 2-6 at 26.) Plaintiff does not allege that the deductions violate any ERISA provision or Wellness Plan term, and accordingly does not seek to enjoin, obtain equitable relief for, or otherwise redress any such violations. Nor does he seek to enforce any ERISA provision or Wellness Plan term. Instead, in challenging Aramark's practice of deducting wages of putative class members who do not complete the MHA, Plaintiff essentially alleges that the Wellness Plan terms that authorize the deductions violate California law. Accordingly, Plaintiff could not have brought his claims pursuant to Section 502(a)(3).

Aramark's arguments to the contrary are unpersuasive. Aramark contends that "where ERISA contains a substantive provision governing the conduct about which a plaintiff complains, Section 502(a)(3) provides the remedy and concomitantly completely preempts the plaintiff's

1    claims." (Dkt. No. 25 at 12.) The Court disagrees.

2        The complete preemption test's first prong requires that a plaintiff could have brought his
3    claim under Section 502(a). *See Marin Gen.*, 581 F.3d at 946; *Metro. Life*, 481 U.S. at 66.
4    Whether an ERISA provision governs the conduct a plaintiff complains of is relevant to the first
5    prong, but the inquiry does not end there. A removing defendant must also show that the plaintiff
6    could have brought a claim to enforce an ERISA provision or plan term or to enjoin acts or
7    practices that violate an ERISA provision or plan term. *See* ERISA § 502(a)(3); *Abraham v.*
8    *Norcal Waste Sys., Inc.*, 265 F.3d 811, 825 (9th Cir. 2001) (holding that ERISA did not
9    completely preempt the plaintiffs' state-law claims because plaintiffs did not seek to "enjoin any
10   act or obtain any other equitable relief to redress any violations or enforce any provisions of
11   ERISA").

12       Aramark is actually arguing conflict preemption, not complete preemption. Aramark is
13   essentially saying that ERISA "relates to" Plaintiff's claims. Section 514's preemption clause
14   provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter
15   *relate to* any employee benefit plan." ERISA § 514 (emphasis added). But Section 514 concerns
16   conflict preemption, which, unlike complete preemption, does not confer federal question
17   jurisdiction. *Marin Gen.*, 581 F.3d at 949. Accordingly, that an ERISA provision relates to
18   Plaintiff's state-law claims is not sufficient where, as here, the defendant seeks to establish federal
19   question removal jurisdiction. *See id.*

20       The cases Aramark relies on are distinguishable because, unlike here, those cases involved
21   plaintiffs seeking to enjoin, obtain equitable relief for, or otherwise redress violations of ERISA
22   provisions or ERISA plan terms or to enforce ERISA provisions or ERISA plan terms. *See*
23   *Sorosky*, 826 F.2d 794; *Romney v. Lin*, 94 F.3d 74 (2d Cir. 1996). In *Sorosky*, the plaintiff alleged
24   that the defendant had agreed to provide him with monthly retirement benefits and later terminated
25   him to prevent him from acquiring those benefits in violation of California law. *Sorosky*, 826 F.2d
26   at 800. ERISA governed the plan under which the plaintiff alleged he was to receive monthly
27   retirement benefits. *Id.* at 799. The Ninth Circuit noted that ERISA Section 510 provides, "[i]t
28   shall be unlawful for any person to discharge . . . a participant or beneficiary . . . for the purpose of

6

interfering with the attainment of any right to which such participant may become entitled under the plan." *Id.* at 800. "Sorosky therefore had a federal claim under section 502(a)(3) *to enforce his right under section 510* to non-interference with his employee benefits." *Id.* (emphasis added). *See also Romney*, 94 F.3d at 81 (holding that the plaintiff, who sued to collect the defendant's delinquent contributions to an ERISA plan, could have sued under Section 502(a)(3) *to obtain relief for the defendant's alleged violation of Section 515*, which required the defendant to make contributions in accordance with the terms of the at-issue plan).

Aramark also contends that Plaintiff could have brought his claims under Section 502(a)(3) because Section 702(b)(2)(B) provides that ERISA's discrimination prohibition shall not prevent ERISA plans from establishing discounts or modifying copayments or deductibles in exchange for participants' adherence to health promotion plans like the Wellness Plan. Not so. Section 502(a)(3) does not provide a cause of action for a plaintiff who seeks to challenge an ERISA provision or an ERISA plan term that complies with ERISA, as Plaintiff does here. *See* ERISA § 502(a)(3). Instead, Section 502(a)(3) provides a cause of action for plaintiffs who seek to enjoin or obtain relief as to acts and practices that violate ERISA provisions or ERISA plan terms, or to enforce ERISA provisions or ERISA plan terms. *Id.* As such, Plaintiff could not have brought his claims under Section 502(a)(3) to challenge conduct governed by Section 702.

Aramark again conflates conflict preemption with complete preemption. Although Section 702(b)(2)(B) may be a substantive provision related to the Wellness Plan, and may therefore satisfy the conflict preemption test, that relationship is insufficient to satisfy the complete preemption test's first prong. *See Marin Gen.*, 581 F.3d at 949. Aramark fails to show that Plaintiff seeks to enforce an ERISA provision or Wellness Plan term or to enjoin Aramark's violation of an ERISA provision or Wellness Plan term. Indeed, assuming that Section 702(b)(2)(B) and the Regulations "explicitly govern and permit[]" the Wellness Plan, which Aramark contends they do (Dkt. No. 25 at 14), there is no Section 702 provision or Wellness Plan term that Plaintiff could have brought his claims to enjoin the violation of or to enforce.

The cases Aramark cites to are distinguishable because the plaintiffs in those cases essentially complained that the defendants' conduct violated ERISA provisions or ERISA plan

7

1  terms.  (*See* Dkt. No. 25 at 15.)  *See Fossen*, 660 F.3d at 1109 (holding that the plaintiffs could
2  have sued the defendant under Section 502(a)(3) for *violating* Section 702(b)(1) where the
3  defendant had significantly increased the plaintiffs' insurance plan premiums—not in connection
4  with any wellness program of the nature permitted by Section 702(b)(2)(B)—relative to other plan
5  members' premiums); *Werdehausen v. Benicorp Ins. Co.*, 487 F.3d 660, 667-68 (8th Cir. 2007)
6  (holding that the plaintiffs could have brought their claims under Section 502(a)(3) where
7  complaint alleged that the defendant had discriminated on the basis of health status-related factors,
8  because such discrimination *violated* Section 702(a)(1)); *Koble v. United Health Care, Inc.*, No.
9  14-CV-0391-CVE-PJC, 2014 WL 4748609, at *1 (N.D. Okla. Sept. 23, 2014) (the plaintiff
10 conceded that she was bringing her claims for denial of life insurance benefits under ERISA, but
11 nonetheless argued that she was entitled to state-law remedies); *Watterson v. Garfield Beach CVS,*
12 *LLC*, No. 3:14-cv-01721-HSG (N.D. Cal. Apr. 14, 2014), ECF No. 1 ("Notice of Removal of Civil
13 Action to Federal Court From State Court by Defendant Garfield Beach CVS, LLC Pursuant to
14 Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1441(B)").[2]
15     In *Fossen*, for example, a case upon which Aramark relied heavily at oral argument, the
16 plaintiff sued for restitution of health insurance premiums paid in violation of Montana's HIPAA
17 statute.  Because the relevant Montana and federal HIPAA (Health Insurance Portability and
18 Accountability Act) provisions are identical, the court held that the plaintiffs' suit for return of
19 premiums could have been brought under federal HIPAA as well and thus the claim was
20 completely preempted for jurisdictional purposes.  660 F.3d at 1109.  Here, Aramark has not
21 identified any ERISA provision that is identical or even similar to the state common and statutory
22 law under which Plaintiff sues.  Aramark's insistence that *Fossen* somehow holds that any suit
23 that seeks restitution of premiums can be brought under Section 502(3)(a) and is therefore
24 completely preempted is unsupported by *Fossen*'s facts and reasoning.  *See* 660 F.3d at 1105
25 (holding "federal HIPAA preempts the Montana law, both jurisdictionally and on the merits,

---

[2] Aramark's citation to *Watterson* is particularly unhelpful.  (Dkt. No. 25 at 15.)  The defendant did remove the action to federal court based on complete preemption, but the removal was *uncontested*, and the only document Aramark offers to support its "successful remov[al]" argument is the notice of removal, not a court order upholding the removal.

because Montana's HIPAA provision is identical to, and expressly relies upon, federal law").

Finally, Plaintiff could not have brought his claims under Section 502(a)(3) for breach of fiduciary duty. Section 502(a)(3) authorizes lawsuits by individuals seeking equitable relief for breach of fiduciary obligations under Section 404. *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). That section provides that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purposes of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan. ERISA § 404. But Plaintiff does not allege that Aramark breached its fiduciary role by charging a higher premium. Aramark's argument to the contrary is unpersuasive. (Dkt. No. 25 at 16.) First, Aramark cites no case in support of its argument. (Dkt. No. 25 at 16.) Second, while Aramark cites to *Hansen v. Blue Cross of California*, 891 F.2d 1384, 1387 n.2 (9th Cir. 1989), for the rule that federal courts have exclusive jurisdiction over claims for breach of fiduciary duty under ERISA plans, *Hansen* does not involve breach of fiduciary duty claims, and the footnote Aramark cites to does not support Aramark's attempt to recharacterize Plaintiff's claims here as breach of fiduciary duty claims. (Dkt. No. 25 at 16.) Third, to accept Aramark's argument would mean that every claim that "relates to" an ERISA plan could be characterized as a claim for breach of fiduciary duty creating complete preemption. This reasoning would decimate the distinction between conflict preemption and complete preemption which is no doubt why Aramark is unable to cite any case in support of this creative theory.

### 2. Plaintiff Could Not Have Brought His Claims Under Section 502(a)(1)(B)

Section 502(a)(1)(B) provides, "[a] civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B).

It is undisputed that Plaintiff does not seek to recover benefits due to him under the Wellness Plan's terms. (*See* Dkt. No. 25 at 16-17.) It is also undisputed that Plaintiff does not seek to clarify his rights to future benefits under the Wellness Plan's terms. (Id.) Aramark instead

contends that "[b]ecause the Wellness Plan's terms expressly authorized Plaintiff's premium deductions, any challenge to those deductions could be pursued as a claim under ERISA § 502(a)(1)(B) to enforce his rights under the Wellness Plan's terms." (Dkt. No. 25 at 16.) This argument makes no sense. Plaintiff claims that the wage deductions Aramark made—deductions that the Wellness Plan "expressly authorized"—were unlawful. Plaintiff could not have brought a claim to enforce his rights under the Wellness Plan when the Plan expressly authorized the deductions that Plaintiff challenges. If Plaintiff had claimed that he had completed the MHA and Aramark had still deducted the additional premiums, perhaps Plaintiff could have brought his claims to enforce a right not to be charged the additional premiums, because the Wellness Plan terms do not appear to authorize wage deductions against Medical Plan enrollees who complete the MHA. But that is not Plaintiff's claim.

Once again, Aramark's cases are distinguishable. (Dkt. No. 25 at 16-17.) In *Gomez v. California Physicians Service*, 299 Fed. App'x 687, 688-89 (9th Cir. 2008), the plaintiff brought state-law claims challenging Blue Shield's practice of directing its contracted providers to reimburse Blue Shield where both Blue Shield and another insurer had paid an insured's claim. The plaintiff sought two primary remedies: (1) injunctive relief prohibiting Blue Shield from continuing the reimbursement practice, and (2) damages in the amount of money and property taken as a result of the reimbursement practice. *Id.* at 689. Although the plaintiff argued that he was not seeking benefits, the court found that he wanted to recover benefits he believed were due under his policy and to enforce his rights under the plan. *Id.* at 690. Because both remedies fell squarely into the remedial scheme of Section 502(a)(1)(B), the court held the complete preemption test's first prong was satisfied.

Similarly, in *In re Anthem, Inc. Data Breach Litigation*, Nos. 15–MD–02617–LHK, 15–CV–2874–LHK, 2015 WL 5286992, at *1 (N.D. Cal. Sept. 9, 2015), the plaintiffs brought state-law breach of contract claims after cyber-attackers gained access to the defendants' data systems and the plaintiffs' personal health information ("PHI") was compromised. The plaintiffs asserted that their claims arose from the defendants' failure to protect their PHI pursuant to the "agreement[s] for services" between the plaintiffs and defendants. *Id.* at *4. However, the court

10

1  found that the "agreement[s] for services" were ERISA plans in which the plaintiffs were
2  participants. *Id.* The court also found that the plaintiffs' state-law claims in reality sought to
3  enforce the defendants' "promises to secure, safeguard, protect, keep private, and not disclose
4  [their] PHI." *Id.* Because the plaintiffs sought to enforce rights under ERISA plan terms, the
5  court held that they could have brought their claims under Section 502(a)(1)(B), and therefore the
6  complete preemption test's first prong was satisfied. *Id.*

Unlike the plaintiffs in *Gomez* and *In re Anthem*, Plaintiff here does not allege that Aramark violated any Wellness Plan term or that Aramark owes him benefits pursuant to the Plan. Plaintiff's claims cannot be recharacterized as seeking to enforce rights under the Plan, particularly where the Plan appears to expressly authorize the at-issue deductions, and thus there is no right that Plaintiff could sue to enforce if he indeed failed to complete the MHA. Because Plaintiff could not have brought his claims under any Section 502(a)(1)(B) cause of action, Aramark fails to satisfy the complete preemption test's first prong using Section 502(a)(1)(B).

\* \* \* \*

Aramark has failed to show that Plaintiff could have brought his claims under Section 502(a)(1)(B) or under Section 502(a)(3) in conjunction with either Section 702 or Section 404. Consequently, Aramark has failed to meet its burden as to the complete preemption test's first prong.

### B. Second Prong of ERISA Complete Preemption

Because the complete preemption test is in the conjunctive and Aramark has failed to satisfy the first prong, the Court need not determine whether Aramark has satisfied the second prong. *See Marin Gen.*, 581 F.3d at 947. Aramark has failed to show that ERISA completely preempts Plaintiff's state-law claims. As such, the Court lacks federal question jurisdiction.

//
//
//
//
//

11

# CONCLUSION

Aramark has not met its burden of demonstrating that Plaintiff's first and sixth causes of action are completely preempted by ERISA. Accordingly, the Court GRANTS Plaintiff's motion to remand the action to state court.

**IT IS SO ORDERED.**

Dated: February 16, 2016

*Jacqueline S. Corley*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge